1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

JESSICA DELILAH OCHOA MORALES,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 07CV1759 BTM
            05CR1196 BTM

**ORDER DENYING MOTION TO REDUCE SENTENCE**

16        On September 6, 2007, Petitioner, proceeding pro se, filed a motion to reduce her
17 sentence pursuant to 18 U.S.C. § 3582.  Petitioner is currently serving a 36-month prison
18 sentence for alien smuggling.  She was sentenced by this Court on July 7, 2006 pursuant to
19 a Resolution Agreement that was reached after Petitioner was found guilty by a jury on six
20 counts of alien smuggling. [Doc. #49.]  In exchange for Petitioner waiving her right to appeal
21 or collaterally attack her conviction or sentence, the Government agreed to dismiss two of
22 the six counts of conviction, which reduced the mandatory minimum sentence from five years
23 to three years.  Petitioner's waiver was contingent upon this Court not imposing a sentence
24 greater than the jointly stipulated and statutorily mandated three years of prison.  Since the
25 Court did not impose a sentence greater than three years (36 months), Petitioner has waived
26 the right to collaterally attack her sentence, such as with the present motion.

27        A waiver of appeal and/or collateral attack of a conviction is enforceable if voluntarily
28 made.  United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994).  Petitioner has made no

1   argument that her execution of the Resolution Agreement was involuntary and, in fact,

2   Petitioner specifically acknowledged at her sentencing that she was voluntarily waiving her

3   right to appeal and collaterally attack her sentence.  (See Transcript of 7/7/06 Sentencing

4   Proceedings at 16-19.)  Accordingly, the Court will enforce Petitioner's waiver and deny her

5   motion.

6          In addition, even if Petitioner's waiver did not preclude consideration of the present

7   motion, there is no authority for this Court to revise its earlier sentence.  Section 3582 allows

8   the Court to modify a term of imprisonment once it has been imposed only in certain

9   specifically enumerated situations: (1) upon motion of the Director of the Bureau of Prisons;

10   (2) for any reason expressly permitted by statute or Rule 35 of the Federal Rules of Criminal

11   Procedure; or (3) when a defendant has been sentenced based on a sentencing range that

12   has subsequently been lowered by the Sentencing Commission.  As the present motion was

13   not made by the Bureau of Prisons, the first situation is inapplicable.  As for the second

14   possibility, Rule 35 only allows a court to correct a sentence that resulted from "arithmetical,

15   technical, or other clear error," and then only within 7 days of sentencing.  As Petitioner was

16   sentenced over one year ago, Rule 35 is inapplicable.  Petitioner has not cited any other

17   statute that would permit this Court to revise its previous sentence.  Finally, there has been

18   no showing that Petitioner's sentence was based upon any sentencing range that has

19   subsequently been lowered.  Rather, she was sentenced to the statutory minimum term of

20   three years.

21          For all of the above reasons, Petitioner's motion must be **DENIED**.

22

23   **IT IS SO ORDERED.**

24

25   DATED:  September 27, 2007

26

27                                                   Honorable Barry Ted Moskowitz
                                                     United States District Judge

28

2